UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| **REBECCA SUMMERS,** | :: | **CIVIL ACTION NO. C-1-02-368** |
| **Plaintiff** | :: | **JUDGE DLOTT** |
| vs. | :: | |
| **KEEBLER COMPANY** | :: | |
| and | :: | |
| **BAKERY, CONFECTIONERY & TOBACCO WORKERS AND GRAIN MILLERS, LOCAL 253,** | :: | |
| **Defendants** | :: | |

: : : :: : : :

## MOTION FOR SUMMARY JUDGMENT OF DEFENDANT LOCAL 253, BAKERY, CONFECTIONERY & TOBACCO WORKERS AND GRAIN MILLERS, AFL-CIO (ORAL ARGUMENT REQUESTED)

Defendant Local 253 moves for summary judgment on the ground that there are no genuine issues of material fact, and it is entitled to judgment as a matter of law.

Respectfully submitted,

s/James B. Robinson

**JAMES B. ROBINSON      (0023483)
KIRCHER, ROBINSON & WELCH
1014 Vine Street, Suite 2520
Cincinnati, Ohio   45202
Phone:      513-381-3525
Fax:          513-381-5665
Attorney for Defendant, Bakery,
Confectionery & Tobacco Workers and**

-1-

**Grain Millers, Local 253**

**<u>MEMORANDUM IN SUPPORT OF MOTION</u>**[1]

**I.    INTRODUCTION**

Plaintiff brought this action as a hybrid §301 claim against her employer and the union, claiming that the employer had violated the collective bargaining agreement by discharging her and that the union had violated its duty of fair representation by refusing to take her case to arbitration. She also claimed contract violation, federal and state sex-discrimination charges, and ADA and handicap discrimination by the Company and state sex discrimination and diffuse allegations of misleading the members by the Union. The Union answered, denying any misconduct or damages and raising the six-month statute of limitation as a defense.

Plaintiff had been suspended in the year 2000 for violation of the employer's substance-abuse policy, and had been reinstated on the basis of a last-chance agreement signed by her, the Company, and the Union on April 26, 2001. Under that agreement, she was subject to random testing for a period of 18 months, and would be discharged without recourse if she tested positive at any point. On November 27, 2001, she tested positive for alcohol, and was discharged. The Union consulted an attorney, and by vote of the Executive Board the Union decided not to arbitrate her discharge grievance. It did so because there was no reasonable chance of prevailing on her grievance in arbitration. There is not a scintilla of evidence of malice against her on the part of the union.

---

[1] The documents relied upon herein are the Complaint; the Amended Answer of Local 253; the depositions of Plaintiff, Sharon Maul, and David Richardson, which are being filed simultaneously herewith, and the Affidavit of David Richardson attached as Exhibit A hereto.

Three elements are required to make a hybrid §301 claim: a contract violation by the employer, a breach of duty by the union, and damages as a result of the union's breach of duty. All three elements are lacking here.

## II.   FACTS

Plaintiff Summers started at Keebler in 1984 as a part-time employee and, became a full-time employee in 1990. She was a mixer. She worked the 3:00 a.m. to 11:00 a.m. shift.

On or about April 1, 2000, the Company adopted a "Substance Abuse Policy" under which people could be terminated if they tested at .02% or above for alcohol. This Policy was disseminated to all employees. (Richardson Affidavit; Exhibit A hereto) On August 29, 2000, Summers "finished one little drink" on her way to work; later in the day she was slurred and unsteady, and tested positive for alcohol at a level above .4%. (Richardson Affidavit, Exhibit A hereto; Summers' depo. pp. 32-33, 50, 51, Ex. 6, Exhibit B hereto). She was suspended pending completion of a rehabilitation program.

She finally completed such a program in April, 2001, and the Company reinstated her under a last-chance agreement providing for random testing for 18 months and termination if she tested positive during that period. She signed the agreement without asking any questions about it. (Summers' depo. pp. 60-63, Ex. 9; Exhibit C hereto)

On November 27, 2001 – approximately 5 months after she had signed the last-chance agreement – Summers was tested on a random basis, and showed a positive result for alcohol. (Summers' depo. p. 68, Ex. 10; Exhibit D hereto). She contends that she used cough syrup, mouth wash and breath spray and that actually she used some of the breath spray on the way to

take the test. Also, she says she probably had 2 small cans of beer on the previous evening. (Summers depo. pp. 73-80; Exhibit E hereto). Currently she drinks mostly beer and wine, prefers gin to vodka, but does also drink Bloody Marys. (Summers depo. pp. 140-141; Exhibit F hereto). She was terminated on November 30, and the Union filed a grievance on her behalf (Summers depo. pp. 84-88, Exhibits 11, 12; Exhibit G hereto).

Her complaint about the Union is that it did not go to arbitration because they thought they couldn t win my case or it would cost them too much money . (Summers depo. pp 93-95; Exhibit H hereto). She has no reason to think that the Company terminated her because of her sex, and no reason to think that the Union treated women differently from men. (Summers depo. pp. 98-100, 136; Exhibit I hereto).

The Union decided not to go to arbitration on her grievance because it thought it could not win. (Richardson Affidavit Exhibit A hereto; Summers depo. p. 143, Ex. 13; Exhibit J hereto) Later Local President Richardson told her that the only chance of her getting her job back was to get a lawyer, which she does not contend was bad advice. (Summers depo. p. 137; Exhibit K hereto)

She makes no contention that she drank before work in reliance on the Union s advice, or that the test results whose accuracy she acknowledged were in fact inaccurate.

### III. LEGAL STANDARDS

It is well settled that a Union is not required to take every grievance to arbitration, and that it violates its duty only if its conduct was arbitrary, discriminatory, or in bad faith. <u>Vaca v. Sipes</u>, 386 U.S. 171 (1967). There is not a scintilla of evidence here to indicate that the Union s

conduct was discriminatory or in bad faith. A Union s conduct can be considered arbitrary only if it is wholly irrational. <u>Air Line Pilots Association v. O Neill</u>, 499 U.S. 65 (1991); and under that standard there is not a scintilla of evidence to indicate that the Union s conduct was arbitrary Beyond that, there is absolutely no evidence that the Union s conduct was harmful to the Plaintiff, which is another requirement for a finding of union liability. <u>DuShaw v. Roadway Express</u>, 66 F.3d 129 (6th Cir. 1995).

### IV.   CONCLUSION

_____In short, there was no contract violation by the Employer, no breach of duty by the Union, and no harm done to Plaintiff as a result of the Union s conduct; and the Union respectfully submits that it is entitled to summary judgement as a matter of law.

Respectfully submitted,

s/James B. Robinson
_____

**JAMES B. ROBINSON       (0023483)**
**KIRCHER, ROBINSON & WELCH**
**1014 Vine Street, Suite 2520**
**Cincinnati, Ohio   45202**
**Phone:       513-381-3525**
**Fax:           513-381-5665**

**Attorney for Defendant, Bakery,**
**Confectionery & Tobacco Workers and**
**Grain Millers, Local 253**

## CERTIFICATE OF SERVICE

I hereby certify that on the 31st day of October, 2003, a copy of the foregoing was filed electronically and by regular U.S. Mail. Notice of this filing will be sent to Mark J. Byrne, Attorney for Plaintiff, 2300 Kroger Building, 1014 Vine Street, Cincinnati, Ohio, 45202, and Patricia Anderson Pryor, Taft, Stettinius & Hollister, , 425 Walnut Street, Suite 1800, Cincinnati, Ohio, 4520-3957, Attorney for Defendant Keebler Company, by operation of the Court s electronic filing system. Copies have also been sent to both counsel by regular U.S. Mail. Parties may access this filing through the Court s system.

s/James B. Robinson<br>
**JAMES B. ROBINSON**

## REQUEST FOR ORAL ARGUMENT

The Union respectfully requests oral argument on this motion.

s/James B. Robinson<br>
**JAMES B. ROBINSON**