UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| REBECCA SUMMERS, | :: | CIVIL ACTION NO. C-1-02-368 |
| Plaintiff | :: | JUDGE DLOTT |
| vs. | :: | |
| KEEBLER COMPANY | :: | |
| and | :: | |
| BAKERY, CONFECTIONERY & TOBACCO WORKERS AND | :: | |
| GRAIN MILLERS, LOCAL 253, | :: | |
| Defendants | :: | |

: : : :: : : :

**REPLY MEMORANDUM IN SUPPORT OF DEFENDANT LOCAL 253'S
MOTION FOR SUMMARY JUDGMENT**

Plaintiff filed her memorandum in opposition on December 1, the date it was due. In that memorandum, Plaintiff contended that there is  an issue of material fact regarding the issue of whether the Union s action in having Summers execute the LCA, filing a grievance and then withdrawing the same was arbitrary, capricious and in bad faith  (Memorandum, pp. 16-17). With respect, Plaintiff had still advanced any theory of how the Union s conduct might have been harmful to her.

-1-

On December 4, Plaintiff submitted an affidavit dated December 4, saying:[1]

> If it had not been for the representations of Dave
> Richardson in April 2001, I never would have
> ingested any alcoholic beverage in November of 2001
> the evening before reporting to work which caused
> my termination.

This new declaration, raising the implicit argument that the Union made her do it, is unsupported and indeed contradicted by Plaintiff's own deposition testimony; is insufficient to raise a claim as a matter of law; and concerns conduct well outside the statute of limitations, which was raised in the Union's Amended Answer (Doc. 11, ¶ 35).

Plaintiff's Count I was a §301 claim against the Union alleging that the Company had violated the contract and that the Union had unlawfully (in breach of its duty) failed to remedy the violation by arbitrating the grievance. Now Plaintiff has apparently abandoned the theory that there was a contract violation, making it even clearer that there was no harm to her. Specifically, she cannot complain of the Union's having filed a grievance on her behalf after her discharge; and if there was no contract violation she cannot complain of the Union's refusal to proceed through arbitration on a claim of contract violation. She is left with diffuse claims that the Union failed to get rid of a Company policy (albeit not necessarily that it should have done so); that the Union made her do it; and that the Union for a while grasped to find some basis for a grievance that turned out to be completely meritless. None of this adds up to a cognizable claim.

---

[1] Defendant Union submits that the affidavit, filed in disregard of Local Rule 7.2(e) regarding piecemeal filings, should be disregarded; but nonetheless addresses the merits herein.

Ms. Summers, in her affidavit of December 4, gives no indication of what the representations of Mr. Richardson in April of 2001 might have been, or of whether they were made to her, or of why they made her drink before work after she had been suspended for drinking, had participated in three alcohol-rehabilitation programs and completed one of them, and had signed a last-chance agreement. Certainly in the deposition she gave on June 9, 2003, , she indicated otherwise, saying that her only problem with Richardson was that he did not go to arbitration on her grievance. (Summers Deposition, pp 128-129, copy attached as Exhibit A) It is clear that the proposed last-chance agreement was first presented to her at a meeting at which only she, Company personnel officials, and Union President Richardson were present (Summers Deposition, p. 63, copy attached as Exhibit B; Smith Deposition, pp. 27-28, copy attached as Exhibit C); that the agreement included a provision that she would be discharged if she tested positive; and that she signed it.

Cases under 29 U.S.C. § 301 require a violation of a collective bargaining agreement; and they cannot be converted to cases under 29 U.S.C. § 159(a) - commonly known as §9(a) - by mere characterization, Adox v. Teledyne, Inc., 21 F.3d 381, 1386 (6th Cir. 1994). Here, the effort is an attempt to convert the matter into a § 9(a) case, but it is an unavailing one for two reasons; first, the evidence of misconduct by the union in April 2001 is so insubstantial as to be non-existent; and second, the 6-month statute of limitations in 29 U.S.C. § 160(b) - generally referred to as § 10(b) - applies to both § 301 and § 9(a) claims. Delcostello v. Teamsters, 462 U.S. 151 (1983). If the provision of unspecified bad information could be considered a violation of the duty of fair representation - and the Union respectfully submits that it could not - then any claim for such conduct in April 2001 is time-barred in a case filed in 2002. Otherwise the statute

of limitations becomes meaningless, and a Union could be penalized for statements supposedly made 20 or 30 years before. This is completely contrary to the purpose of the statute, which is to ensure that labor issues - either at the National Labor Relations Board or in the courts - are resolved quickly and efficiently and do not bog down labor relations indefinitely.

For the foregoing reasons and those set forth in its initial brief, Defendant Union respectfully urges that its motion be granted.

Respectfully submitted,

s/James B. Robinson
**JAMES B. ROBINSON        (0023483)**
**KIRCHER, ROBINSON & WELCH**
**1014 Vine Street, Suite 2520**
**Cincinnati, Ohio 45202**
**Phone:        513-381-3525**
**Fax:            513-381-5665**

**Attorney for Defendant, Bakery,**
**Confectionery & Tobacco Workers and**
**Grain Millers, Local 253**

## CERTIFICATE OF SERVICE

I hereby certify that on the 11th day of December, 2003, a copy of the foregoing was  filed

electronically.  Notice of this filing will be sent to Mark J. Byrne, Attorney for Plaintiff, 2300

Kroger Building, 1014 Vine Street, Cincinnati, Ohio, 45202, and Patricia Anderson Pryor, Taft,

Stettinius & Hollister, , 425 Walnut Street, Suite 1800, Cincinnati, Ohio, 4520-3957, Attorney for

Defendant Keebler Company, by operation of the Court s electronic filing system.  Copies have

also been sent to both counsel by regular U.S. Mail.  Parties may access this filing through the

Court s system.


s/James B. Robinson

**JAMES B. ROBINSON**