Click here for the Adobe PDF version of this opinion.

RECOMMENDED FOR FULL-TEXT PUBLICATION
Pursuant to Sixth Circuit Rule 206
ELECTRONIC CITATION: 2003 FED App. 0377P (6th Cir.)
File Name: 03a0377p.06

**UNITED STATES COURT OF APPEALS**
FOR THE SIXTH CIRCUIT

| | |
|---|---|
| EDGAR D. LAPERRIERE, JR.,<br>*Plaintiff-Appellee,*<br>v.<br>INTERNATIONAL UNION, UNITED AUTOMOBILE, AEROSPACE AND AGRICULTURAL IMPLEMENT WORKERS OF AMERICA,<br>*Defendant-Appellant.* | No. 01-1576 |

Appeal from the United States District Court
for the Eastern District of Michigan at Detroit.
No. 98-72037—Denise Page Hood, District Judge.
Argued: March 14, 2003
Decided and Filed: October 24, 2003
Before: COLE, GILMAN, and BRIGHT, Circuit Judges.(*)

_____

COUNSEL

**ARGUED:** William A. Wertheimer, Jr., Bingham Farms, Michigan, for Appellant. Lauren M. Tomayko, Sterling Heights, Michigan, for Appellee. **ON BRIEF:** William A. Wertheimer, Jr., Bingham Farms, Michigan, for Appellant. Lauren M. Tomayko, Sterling Heights, Michigan, for Appellee.

_____

OPINION

_____

MYRON H. BRIGHT, Circuit Judge. Edgar LaPerriere sued the International Union, United Automobile, Aerospace and Agricultural Implement Workers of America ("UAW"), alleging the UAW failed to represent him fairly in his discharge grievance against his employer, Chrysler Corporation ("Chrysler"). A jury returned a verdict in favor of LaPerriere in the amount of $165,573. The UAW appeals the judgment in favor of LaPerriere and the court's denial of its motion for judgment as a matter of law or in the alternative for a new trial relating to damages. For the reasons set forth below, we affirm the judgment of the district court.

**I. BACKGROUND**

Since 1972, Chrysler has employed LaPerriere, a dues paying member in good standing of the UAW Local 412, Unit 10, District 3. On June 20, 1994, a task force of Oakland/Macomb County sheriffs and members of Chrysler's security staff raided the homes and businesses of some Chrysler employees pursuant to search warrants, seeking stolen Chrysler parts. When they searched LaPerriere's home and outbuildings, the task force confiscated fifty-two boxes of Chrysler parts from his home and an

additional twenty-three boxes from his business.

On June 21, 1994, LaPerriere appeared before the Chrysler Labor Relations Board, where a Chrysler labor relations person informed LaPerriere that it would pursue charges against him for theft of company property. LaPerriere's union steward, Mark Hasho, accompanied LaPerriere to the meeting. Chrysler suspended LaPerriere pending further investigation. Shortly thereafter, Chrysler converted LaPerriere's suspension to a dismissal and terminated his employment. The UAW filed a termination grievance on LaPerrieres behalf.

On November 7, 1994, police officers arrested LaPerriere and charged him with several counts of possessing stolen property. LaPerriere notified Hasho of his arrest. Hasho advised LaPerriere that the union would place his grievance on hold pending the result of his criminal action. On March 24, 1997, after the prosecution rested in his criminal case, LaPerriere moved for a directed verdict, which the trial court granted. The court dismissed all criminal charges and returned the property confiscated from LaPerriere.

LaPerriere notified Hasho of the outcome of his criminal matter and requested that his grievance proceed. At the UAW's request, LaPerriere provided the UAW with the trial transcript. The UAW then requested receipts for all the items confiscated from LaPerriere. LaPerriere acquired various receipts and submitted them to the UAW.

On September 23, 1997, the UAW advised LaPerriere that it had withdrawn his grievance. Hasho advised LaPerriere that he should not pursue his grievance. Hasho explained that top union leaders had decided to withdraw LaPerriere's grievance. Further, Hasho commented that contract or no contract, the union would not act on LaPerriere's grievance, and the UAW would not permit an appeal of the decision.(1)

On February 11, 1998, LaPerriere sued the UAW in state court, alleging the UAW failed to represent him in his grievance against Chrysler. After removing the case to federal court, the UAW filed a motion to dismiss, claiming that LaPerriere failed to exhaust his administrative remedies because he did not appeal the UAW's decision to withdraw his grievance. The district court denied the UAW's motion. The case proceeded to trial, and on May 30, 2000, a jury returned a verdict in favor of LaPerriere in the amount of $165,573. The UAW then filed a motion for judgment as a matter of law or in the alternative a new trial. The district court denied the motion.

## II. DISCUSSION

### A. Exhaustion of Internal Union Remedies

The UAW asserts as error the denial of its motion for summary judgment following a jury trial adverse to it. *Paschal v. Flagstar Bank*, 295 F.3d 565, 572 (6th Cir. 2002) (determining that a party may raise as error a denial of summary judgment after a jury trial when the party preserves the issue by moving for judgment as a matter of law prior to the verdict and renewing the motion following an adverse verdict); *see also* Fed.R.Civ.P. 50.

The UAW argues that the district court erred in denying it summary judgment because LaPerriere failed to exhaust his administrative remedies. Generally, a union member must exhaust internal union remedies before a member can sue the union for the breach of the duty of fair representation, unless the member can demonstrate the futility of exhaustion. *Rogers v. Buena Vista Sch.*, 2 F.3d 163, 166 (6th Cir. 1993). Relevant factors in the exhaustion analysis include: (1) whether union officials have shown hostility toward the member; (2) whether the appeals procedures adequately reactivate the grievance or award the "full relief" sought; and (3) whether delay would occur if the procedures were followed. *Monroe v. UAW*, 723 F.2d 22, 24-25 (6th Cir. 1983). If any of these factors are found to exist, the court

may properly excuse the employee's failure to exhaust. Here, the district court determined that LaPerriere met all three factors. On review, we conclude that LaPerriere met the first factor, hostility, thus making it unnecessary to address the district court's conclusions favorable to the plaintiff on the factors of adequate procedures and delay.

In order for hostility to excuse exhaustion, hostility must exist at every level of the appeals process. An employee has a duty to pursue an appeal with the union even when told at the local level that an appeal would bring no benefits. *Monroe*, 723 F.2d at 26. The UAW argues that, at most, LaPerriere demonstrated Hasho's comments misled LaPerriere to believe that the union was unwilling to arbitrate LaPerriere's grievance. Thus, the UAW asserts LaPerriere failed to show actual hostility by the union. In making this argument, the UAW claims that the court based its conclusions solely on the allegations contained in LaPerriere's complaint and affidavit, and ignored Hasho's contradictory statements. The district court rejected the UAW's arguments. Instead, the court explained that union officials were hostile to LaPerriere because he attempted to appeal his grievance. However, local union officials continually told him it would be useless to appeal because the top international union officials decided withdraw his grievance.

LaPerriere has shown hostility on the part of the local union in advising him not to pursue his grievance further and hostility from the international union, which actually withdrew his grievance and indicated that it would not pursue the matter further. This is not a case where only the local union or only the international union refused to pursue claims; they both refused. *Cf. Hammer v. UAW*, 178 F.3d 856 (7th Cir. 1999) (upholding the district court's finding of failure to exhaust where no showing of hostility existed at either the local or international union levels); *Monroe*, 723 F.2d at 24 (affirming denial of claim because the union member only showed hostility at local level). In fact, LaPerriere has repeatedly offered to stay the present lawsuit, if the union would allow him to exhaust his administrative remedies. The union has never accepted this proposal.

While the UAW challenges the district court's finding that requiring administrative exhaustion would have been futile, the United States Supreme Court has held that whether to require exhaustion of intraunion remedies is a matter of discretion for the trial court to decide. *Clayton v. UAW*, 451 U.S. 679, 689 (1981). Here, the factual circumstances underlying the exhaustion requirement support the district court's determination that LaPerriere's further pursuit of union grievances would have been futile. The district court did not err in determining this issue.(2)

**B. Judgment as a Matter of Law**

The UAW next asserts the district court erred in denying it judgment as a matter of law. The UAW argues that the jury, based on the evidence, could not conclude that the UAW acted in an arbitrary manner in deciding to withdraw LaPerriere's discharge grievance. We review a district court's denial of a motion for judgment as a matter of law *de novo. Conwood Co. v. United States Tobacco Co.*, 290 F.3d 768, 781 (6th Cir. 2002). District courts should grant judgment as a matter of law only if a complete absence of proof exists on a material issue in the action, or if no disputed issue of fact exists on which reasonable minds could differ. *Clark v. Chrysler Corp.*, 310 F.3d 461, 479 (6th Cir. 2002).

In the grievance context, the breach of the duty of fair representation occurs where the union: (1) conducts itself in an arbitrary or discriminatory manner, or in bad faith; (2) processes the grievance in a careless manner; or (3) inadequately handles the grievance due to its ignorance of the contract provision. *Ryan v. General Motors*, 929 F.2d 1105, 1109 (6th Cir. 1989).

Here, the jury considered whether the union acted arbitrarily in deciding not to further pursue LaPerriere's claims. The UAW argues that it did not act irrationally because it decided not to pursue LaPerriere's claims since he failed to provide it with the requested documents. LaPerriere testified that he provided the UAW with all the documents that he possessed. The jury found for LaPerriere.

The district court denied the UAW's motion for judgment as a matter of law, stating:

> Viewing the evidence in favor of the nonmoving party, the Court finds there was sufficient evidence to support the Jury's finding in favor of [LaPerriere]. [LaPerriere] testified at trial that he delivered all the documents to defense counsel for copying during the discovery process. There was sufficient evidence presented at trial that there were other reasons why [the UAW] withdrew [LaPerriere's] grievance in light of the fact that the State criminal charges against [LaPerriere] were dismissed and all the property confiscated from [LaPerriere] was returned to [LaPerriere]. [The UAW] has failed to show that the evidence before the jury was not sufficient to support its verdict.

(App. at 153-54.) On appeal, the UAW reasserts the argument it made to the jury. The UAW fails to articulate how the evidence supports a different conclusion. Sufficient proof exists that LaPerriere provided the UAW with documents which were available, and that the UAW acted arbitrarily in refusing to pursue LaPerriere's discharge grievance.

## C. Jury Award

Finally, the UAW contends that the district court erred in not granting it a new trial on the issue of damages because the evidence does not support the jury award. Generally, the grant or denial of a new trial is purely within the discretion of the trial court and will not be reversed except upon a showing of an abuse of discretion. *Whittington v. New Jersey Zinc Co.*, 775 F.2d 698, 700 (6th Cir. 1985). The district court abuses its discretion when we have a definite and firm conviction that the court committed a clear error of judgment. *Logan v. Dayton Hudson Corp.*, 865 F.2d 789, 790 (6th Cir. 1989). We accept the jury's verdict if it was reasonably reached and supported by some competent, credible evidence. *Anchor v. O'Toole*, 94 F.3d 1014, 1021 (6th Cir. 1996). A jury verdict will not be set aside or reduced as excessive unless it is beyond the maximum damages that the jury reasonably could find to be compensatory for a party's loss. *Jones v. Wittenberg University*, 534 F.2d 1203, 1212 (6th Cir. 1976).

In denying the UAW's motion for a new trial on damages, the district court explained:

> Regarding damages, [the UAW] merely states in a conclusory fashion that there was no evidence from which a jury could have determined that [LaPerriere's] damages were more than twice what counsel sought. In response, [LaPerriere] claims he testified at trial that he was forced to work far more hours to make less money. [The UAW] has presented no authority which does not allow a jury to go beyond the damages requested by counsel. The Court finds that there was sufficient evidence to support the jury's award of damages.

(App. at 154-55.) On appeal, the UAW takes the same position as it did before the district court, that the evidence did not support the jury award. The UAW maintains that the record supports a damage award of $73,729. While the parties agreed to this amount of mitigated lost wages, the court did not instruct the jury that it could not award more than this amount.(3) The UAW does not point to any case law to suggest that any error occurred here, and we have found none to support the union's position. The UAW has failed to show that the district court abused its discretion in determining that the jury's award of damages was supported by competent and credible evidence.

## III. CONCLUSION

We **AFFIRM** the judgment of the district court.

---

Footnotes

*The Honorable Myron H. Bright, Senior Circuit Judge of the United States Court of Appeals for the

Eighth Circuit, sitting by designation.

[1] Article 33 of the UAW's constitution guarantees members the right to appeal the actions of local and international union officials. If a member challenges an international official's action, the member has the right to appeal to the International Executive Board (IEB). In most cases this results in a hearing at which the member has the right to be represented by counsel, produce evidence, and submit a brief. If the member does not timely submit the appeal, the UAW may notify the appellant that it will not consider the appeal because it is untimely. The member has the right to appeal that decision to the IEB. If dissatisfied with the IEB's decision, the member may appeal the decision to the Convention Appeals Committee (CAC) or the Public Review Board (PRB). The CAC consists of elected constitutional convention delegates. The PRB consists of independent individuals with no UAW affiliation.

[2] The UAW also claims that the district court *sua sponte* entered judgment to LaPerriere on the issue of exhaustion. The record does not bear this out. While the district court did deny the UAW summary judgment on the issue of exhaustion, the court's ruling does not automatically grant summary judgment to LaPerriere. Fed.R.Civ.P. 56. The UAW fails to cite to any place in the record showing the district court independently entered summary judgment to LaPerriere.

[3] It appears that the jury may have considered overtime compensation in calculating LaPerriere's damages. At trial, LaPerriere testified that while at Chrysler he worked forty hours a week with little overtime. After Chrysler terminated him, LaPerriere worked seventy-two hours a week for less money. Thus, LaPerriere testified that as a result of his termination from Chrysler he had to work an additional thirty hours each week, and he still made less money than at Chrysler. The jury may have factored the overtime LaPerriere would have earned if he worked thirty hours a week of overtime at Chrysler.